IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGORY TYSON BELOW,

                              Plaintiff,                    OPINION AND ORDER

          v.                                               19-cv-31-wmc

C.O. H. PROKNOWER-BROWN,
CAPT. BROWN, WARDEN TIM
HAINES, DARYL FLANNERY,
KURT HOEPER, SGT. LAXTON,
SGT. NOVINSKA, SGT. MATTIE,
SGT. FURRER, C.O. FRIEDRICH,
ADM. CAPT. GARDNER, and
WILLIAM BROWN,

                              Defendants.

        *Pro se* plaintiff Gregory Tyson Below was given leave to proceed on First and Eighth

Amendment claims against staff at the Wisconsin Secure Program Facility ("WSPF") for

retaliatory actions taken against him after he complained about sexual assaults by

Correctional Officer Proknower-Brown.  (Dkt. #26.)  Defendants have moved for partial

summary judgment, arguing that plaintiff Below failed to exhaust his state administrative

remedies before filing this federal lawsuit challenging the following, allegedly retaliatory

acts:  (1) C.O. Proknower-Brown's improper pat searches on February 25, March 13, and

March 20, 2014;  (2) Captain Gardner's signing off on a conduct report issued against

Below for his behavior during the March 20, 2014, pat search; and (3) Sergeant Novinska's

cancelation of a dental appointment.  (Dkt. #43.)  For the following reasons, the court will

grant defendants' motion and dismiss those retaliation claims without prejudice.[1]

---

[1] Plaintiff also filed a motion for leave to file a surreply, which the court will grant in part.  (Dkt.
#53.)  Although Below did not include a proposed surreply with his motion, the court has

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all of the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial, administrative grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursing *all* available appeals from a denial of a grievance "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025; *see also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The purpose of this exhaustion requirement is to afford prison administrators with a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must plead and prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477

---

considered the points raised in his motion, which neither require further elaboration nor change the outcome of defendants' motion for reasons addressed below.

U.S. 317, 322 (1986).

Specifically, Wisconsin prisoners must start the administrative process by filing a grievance with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the grievance.  Wis. Admin. Code § DOC 310.09(6).[2]  The grievance must also "clearly identify the issue" that the inmate seeks to raise.  *Id.* § 310.09(1)(e).  If the grievance is not rejected, the ICE must make a recommendation to the reviewing authority, who in turn renders a decision.  *Id.* §§ 310.11(11), 310.12.  If that decision is unfavorable, the inmate may still appeal to the corrections complaint examiner ("CCE").  *Id.* § 310.13.  However, appeals to the CCE must be filed within 10 days absent good cause shown for an untimely filing.  *Id.* § 310.13(2).  Finally, the CCE makes a recommendation to the Secretary of the Department of Corrections, who will take final action on the grievance.  *Id.* §§ 310.13(6), 310.14.

Here, defendants' motion concerns certain, specific retaliation claims against defendants Proknower-Brown, Novinska, and Gardner as outlined above.  As for Proknower-Brown, plaintiff alleged:  (1) in grievances WSPF-2014-4144 and WSPF-2014-5298 that she conducted improper pat searches; and (2) in grievance WSPF-2014-5731 that she was harassing him in various ways.  However, none of those grievances allege any retaliatory motive by Proknower-Brown.  (Dkt. ##45-4 at 10; 45-5 at 10; 45-7 at 5.)  Similarly, in grievance WSPF-2014-7827, plaintiff alleged that defendant Novinska had improperly denied him a dental appointment while he was on cell confinement without

---

[2] Unless indicated otherwise, this order refers to the versions of Wis. Admin. Code §§ DOC ch. 303 & 310 in effect when the claims at-issue arose in 2014.

any claim of a retaliatory motive for Novinska's decision.[3]  (Dkt. #45-9 at 6.)

Plaintiff argues that:  he need not use the word "retaliation" in his grievances to raise a claim for retaliation; and his grievances taken together "showed a clear retaliation pattern."  (Dkt. ##49 at 2; 53.)  While he is correct that inmates usually do not have to plead specific, legal theories in their grievances, an inmate must still "clearly identify the issue" he wishes to raise, thus alerting prison officials to the nature of the wrong.  Wis. Admin. Code § 310.09(1)(e); *see Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019) ("the primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury.").  In particular, since retaliation "is a stand-alone issue," *Northern v. Dobbert*, 816 F. App'x 11, 14 (7th Cir. 2020), a grievance claiming retaliation must "at least explain that the prisoner believes that the defendant took a particular adverse act against him *because* of particular conduct by the plaintiff."  *Howard v. Broadbent*, No. 21-cv-419-jdp, 2022 WL 2046211, at *2 (W.D. Wis. June 7, 2022) (emphasis added).

Here, plaintiff's grievances alleged improper pat searches, harassment, and improper cancellation of a dental appointment, but plaintiff did *not* alert the ICE to his suspicion or belief that any of the above, alleged conduct by Proknower-Brown or Novinska was

---

[3] In response to defendants' motion, plaintiff argues unpersuasively that defendants should be sanctioned for submitting copies of his inmate complaint review system records that are missing "complaint numbers, DAI policy numbers, dates, investigation status" and are redacted.  (Dkt. #49 at 3.)  For one, Federal Rule of Civil Procedure 11 requires that "[a] motion for sanctions must be made separately from any other motions," not included in a response brief.  More to the point, a CCE has declared that the records are accurate.  (Dkt #45.)  Having reviewed these exhibits, the court does not find that there is apparent missing information, nor that the information was cut off or redacted.  Plaintiff's general statement to the contrary is insufficient to cast into doubt on the accuracy of these records.

retaliatory.  *See Pirtle v. Brooks*, No. 19-C-1078, 2020 WL 3847232, at *3 (E.D. Wis. July 8, 2020) (plaintiff failed to exhaust retaliation claim because he did not state in his inmate complaint that the "act was one of retaliation, nor did he file a separate complaint for retaliatory conduct").

Finally, as for defendant Gardner, plaintiff contends that he had a retaliatory motive for signing off on a conduct report.  Unfortunately, to exhaust grievances that relate to a conduct report, an inmate must raise an adverse ruling on appeal all the way to the warden.  Wis. Admin Code. §§ DOC 303.75(6), 303.76(7).   After the disciplinary process is exhausted, the inmate may then use the inmate complaint review system to challenge procedural issues.  *Id.* § DOC 310.08(3).

Here, plaintiff asserts that he spoke with the disciplinary hearing officer "off the record" about defendant Gardner's alleged "retaliatory acts" and "appealed" to the Department of Corrections ("DOC"), "which was forwarded to [the] warden and addressed retaliation, among other things."  (Dkt. #49 at 3.)[4]  However, plaintiff's "appeal" to the DOC is *not* in the record, and the CCE's letter response neither references any concerns about retaliation nor indicates that any materials were forwarded to the warden.  (Dkt. #49-6).  Regardless, it is undisputed plaintiff failed to appeal any disposition he received as a result of the disciplinary proceedings to the warden, much less submit a grievance about the proceedings afterward.  *See Nigl v. Litscher*, No. 19-cv-105-bbc, 2019 WL 6909587, at *4 (W.D. Wis. Dec. 19, 2019) (plaintiff failed to exhaust claims that conduct

---

[4] Plaintiff asserts he same as to Proknower-Brown, but that claim was already deemed subject to dismissal for lack of exhaustion based on reasons explained above.

reports were retaliatory in part by not challenging the reports on their merits at the disciplinary hearing, or alleging retaliation to the warden in his inmate complaint).  In sum, plaintiff did not exhaust his retaliation claims via the inmate complaint review system.

In fairness, plaintiff argues that is not necessarily the end of his grievances because allegations of staff sexual misconduct in the form of improper pat searches are governed by the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301-09, which modifies the process for filing a grievance about sexual assault.  However, PREA does not "provide a completely alternative grievance process." *Parry v. Muller*, No. 18-cv-1394-jpg, 2018 WL 4027572, at *3 (S.D. Ill. Aug. 23, 2018).  Rather, as a general matter, district courts in this circuit have found that a PREA complaint does not satisfy an inmate's obligation under the PLRA to exhaust *other* grievances.  *See Poventud v. Saldaris*, No. 18-cv-532, 2020 WL 1046095, at *3 (E.D. Wis. Mar. 4, 2020) (collecting cases).

Here, as part of PREA procedure, the ICE properly forwarded plaintiff's two grievances about Proknower-Brown's allegedly improper pat searches to the warden for investigation, rather than resolve them through the standard channel of review.[5]  (Dkt. ##45-4 at 2, 45-5 at 5.)  As noted, however, *neither* of these grievances alleged retaliation. So, plaintiff cannot rely on those grievances to argue that he was excused from exhausting his retaliation claims by the PREA investigative process.  In fact, *none* of the four DOC memoranda from plaintiff's PREA investigations even reference retaliation or retaliatory

---

[5] In contrast, the ICE rejected the third grievance in question about Proknower-Brown, WSPF-2014-5731, precisely because it concerned circumstances leading up to a conduct report and the disciplinary hearing had not yet taken place.  (Dkt. #45-7 at 3.)  Nor did plaintiff appeal that rejection.

motives.  (Dkt. #49-4.)

Finally, plaintiff asserts that he has exhausted his retaliation claims in other ways. For one, he claims to have "addressed retaliation" during his interviews with PREA investigators.  (Dkt. #50 at 2.)  For another, plaintiff points to evidence that he wrote to the DOC about retaliation.  Specifically, while he does not provide that letter, he does provide the *response* from a division administrator, who acknowledges receiving plaintiff's correspondence "regarding the PREA complaint" and unspecified "retaliation," further noting that WSPF "has taken appropriate action in" investigating plaintiff's PREA complaints, and indicating that the DOC's PREA office would contact plaintiff.  (Dkt. #49-5.)  This response was forwarded to the warden, among others.  Thus, plaintiff now suggests that the PREA investigators had written notice of his retaliation claims, which he also claims to have discussed with them.  (Dkt. #53 at 1.)  Even crediting these events, however, "plaintiff's statements during the PREA investigation do not constitute proper exhaustion" of his retaliation claims.  *See Dotson v. Faulkner*, No. 20-cv-1767, 2022 WL 1810698, at *5 (E.D. Wis. June 2, 2022) (plaintiff could not claim exhaustion of her allegation of retaliatory transfer for reporting sexual assaults "under the larger umbrella of her PREA investigation"); *Peace v. Kemper*, No. 14-cv-1416-pp, 2016 WL 5793689, at *5 (E.D. Wis. Sept. 30, 2016) (plaintiff did not properly exhaust his claim that he was being harassed because staff shared information about plaintiff being sexually assaulted by telling defendants as part of the PREA investigation).

Accordingly, the court will grant defendants' motion and dismiss these retaliation claims against defendants Proknower-Brown, Novinska, and Gardner without prejudice.

*Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).  Of course, plaintiff can also refile these claims if he can successfully exhaust them, but will likely find it impossible to file a proper grievance because the relevant events happened too long ago.  His remaining Eighth Amendment claims based on his allegations of improper pat searches, failures to protect, and the denial of medical care as well as:  (1) his retaliation claim against defendant Lebbus Brown for placing plaintiff in segregation; and (2) his retaliation claims against defendants Proknower-Brown, Mattie, and Friedrich for allegedly denying him access to a typewriter will all proceed.

## ORDER

IT IS ORDERED that:

(1) plaintiff's motion for leave to file a surreply (dkt. #53) is GRANTED IN PART AND DENIED IN PART as explained above;

(2) defendants' motion for partial summary judgment on exhaustion grounds (dkt. #43) is GRANTED; and

(3) plaintiff's retaliation claims addressed in this order are DISMISSED WITHOUT PREJUDICE.

Entered this 4th day of April, 2023.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge