IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGORY TYSON BELOW,

                         Plaintiff,                                   ORDER

   v.

                                                                          19-cv-31-wmc

C.O. H. PROKNOWER-BROWN,
CAPT. BROWN, WARDEN TIM
HAINES, DARYL FLANNERY,
KURT HOEPER, SGT. LAXTON,
SGT. NOVINSKA, SGT. MATTIE,
SGT. FURRER, C.O. FRIEDRICH,
ADM. CAPT. GARDNER, and
WILLIAM BROWN,

                         Defendants.

*Pro se* plaintiff Gregory Below asks the court to delay ruling on defendants' under-advisement motion for summary judgment because he would like to obtain additional discovery and file a sur-reply based on defendants' withdrawal of their proposed finding of fact that defendant Brown has never been disciplined for any behavior dealing with an inmate. (*See* dkt. #98, ¶ 58.) Plaintiff now seeks documentation from Brown's personnel file of any sexual assault, harassment or retaliation complaints filed against her to show she is untruthful, to undermine claims that she is a good employee, and to "bring her credibility into question." (Dkt. ##100 at 2; 101.)

The motion (dkt. #99) will be DENIED. Defendants do not appear to rely on this proposed finding in arguing for summary judgment. (*See* dkt. ##71, 97.) Regardless, making credibility determinations is not the court's role at the summary judgment stage. *See Reinebold v. Bruce*, 18 F.4th 922, 927 (7th Cir. 2021) (a district court may not make

credibility determinations, weigh evidence, or decide which inferences to draw from the facts when ruling on a summary judgment motion). Credibility issues will come to the fore if this case proceeds to trial. That said, the court will consider the summary judgment materials with plaintiff's concerns in mind and issue instructions to the parties if the court needs additional information to rule on defendants' summary judgment motion. For now, discovery remains open, so the parties can continue to exchange information. The parties are reminded that they may seek court intervention on a discovery dispute after they have met and conferred.

ORDER

IT IS ORDERED THAT plaintiff's motion for continuance of discovery (dkt. #99) is DENIED.

Dated this 27th day of June, 2023.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge